HAUSWIRTH ET AL., respondents, *v.* BUTCHER ET AL., appellants.

QUARTZ LODE LOCATION — *Grant* — *Right of possession* — *Substantial compliance* — *Void for indefiniteness* — *Boundaries and record to correspond.* — A location on the public mineral lands of the United States, made in strict accordance with the law of congress, carries with it a grant and a right to exclusive possession.

To make this grant effectual, the location must be distinctly marked on the ground, and the record of the location must contain such a description as will identify the claim by reference to some natural object or permanent monument. Neither grant or right of possession attach to a location that does not give the notice required.

There must be substantial compliance with law as to the length of a claim. A claim of a mining location two thousand feet in length will not protect claimants against intervening claims of third persons for the five hundred feet more than the law allows.

*Quære,* whether such a claim would be good for fifteen hundred feet or entirely void for uncertainty.

It is essential that the proper length be marked on the ground as stated in the record, and the two should correspond.

Pleadings ought to support the judgment and must be consistent.

There are cases in which common error makes right what otherwise would be irregular.

*Appeal from Second District, Silver Bow County.*

KNOWLES & FORBIS, for appellants.

The evidence in this cause was insufficient to justify and sustain the verdict. The plaintiffs' evidence shows that the locating and marking of boundaries on the ground of the Triumph lode claim, under which plaintiffs claim, was by stakes set two thousand feet apart (Transcript, p. 57), while the ground claimed by plaintiffs, according to the record of the claim, was only one thousand five hundred feet. The location must be distinctly marked on the ground so that its boundaries can be readily traced. R. S. U. S. sec. 2324.

The intention of the statute was to require such a marking on the ground of the boundaries of a claim as would give notice of the location to one who, in good

faith, is looking for unoccupied ground, and enable an honest inquirer to ascertain exactly the ground appropriated. *Gleason* v. *Martin White M. Co.* 13 Nev. 462; *Mount Diablo M. & M. Co.* v. *Callison*, 5 Saw. 449.

The stakes, as set, imported no notice to the prospector of the extent of the ground located, and plaintiffs, if this is a valid location, could swing or float their location east or west five hundred feet to include any valuable discovery made on either the east or west end. This would be virtually a location of two thousand feet in length, with a privilege in the locators, when an adverse claim is made, to select any one thousand five hundred feet in length included thereon.

If such a location can be sustained, all locations would be made two thousand feet in length, and other locators could not venture to prospect on any portion of the location, for a rich discovery would only determine the first locator to make his selection and include the valuable portion, and exclude or drop off the worthless portion. This may be done by cutting off the excess from one end or both ends, and claiming the center; and if this can be done, there is no good reason why both ends may not be held and the excess taken from the center of the claim.

It is not insisted that a few feet in excess would invalidate a claim, but the excess in this case, five hundred feet, is inexcusable, and certainly sufficient to invalidate the claim for uncertainty. If there is sufficient certainty of location in this case, what excess would be required to invalidate a claim?

The court erred in permitting plaintiffs to introduce evidence of a compromise line between plaintiffs' and defendants' claims. Verbal confessions or admissions as to title of real property are not admissible. *Jackson* v. *Shearman*, 6 Johns. 19; *Jackson* v. *Vosburg*, 7 Johns. 186, and cases cited.

The evidence was not admissible under the pleading. The estoppel is not sufficiently pleaded, and the evidence

should have been excluded for that reason. Plaintiffs in their complaint allege possession in defendant, which is admitted in defendants' answer. Plaintiffs then, in order to plead an estoppel, contradict the former pleadings and admissions contained therein, and allege possession to be in plaintiffs, and the evidence was introduced under this pleading, which it was certainly error to admit, as it directly contradicted the admissions in the pleading.

Plaintiffs' first and second instructions are as follows:

" 1. The jury are instructed that, before they should find for the defendants, they should find from the evidence that the original location stakes of the Bachelor lode cover and include the ground in dispute." Record, p. 38.

" 2. If the jury find from the evidence that the original location of the Bachelor lode, as located and staked by Ferdinand Hirsch, did not at the time of such location include and cover the ground in dispute, then they should find for the plaintiffs."

This is an action of ejectment, and both parties claim by virtue of a location of ground under the laws of congress. The rule of law is not correctly stated in the instructions. According to the instructions it devolves on defendants to make out title in order to recover. The true rule of law requires plaintiffs to show title in themselves in order to recover. *Owen* v. *Fowler*, 24 Cal. 192; *Owen* v. *Morton*, 24 Cal. 373; *Irwin* v. *Towne*, 42 Cal. 326; *Talbert* v. *Hopper*, id. 397; *Ferm* v. *Helme*, 21 How. 481.

If neither party had title, defendants were entitled to recover by virtue of their possession. But the court took the whole matter from the jury, and instructed them that defendants must show title. Even admitting that defendants had no title, they might still recover upon their possession, and it was error for the court to instruct otherwise. By these instructions the court virtually instructed the jury that plaintiffs' location was not only sufficient, but that it included the ground in dispute.

These were questions of fact for the jury and the court could not decide them.  *Page* v. *Hobbs,* 27 Cal. 484; *Megerle* v. *Ashe,* 33 Cal. 74; *Van Ness* v. *Packard,* 2 Pet. 149; *C. & O. Canal Co.* v. *Knapp,* 9 Pet. 568.

Plaintiffs cannot claim that their location had been so conclusively proven as to justify these instructions.  If their location was not absolutely void, there certainly was sufficient question as to its sufficiency to be submitted to a jury, and the court cannot deprive defendants of the right to submit such question to a jury and have a finding thereon.

The correct principle of law is stated in defendants first and seventh instructions (Record, p. 42):

"1.  This is an action to determine title to the tract of ground in controversy, and in order for plaintiffs to recover they must show title or right to possession of such ground, and unless they do show title or right to possession they are not entitled to recover in this action, and you will find for defendants."

"7. Defendants' possession, which is admitted in the pleading, is sufficient for them to recover unless plaintiffs show a better or superior right or title."

If these instructions correctly state the law, then plaintiffs' instructions were certainly erroneous, for they are directly in conflict.  Nor will the correctness of defendants' instructions cure the error in plaintiffs'; for if there is conflict it is impossible to determine upon which the jury acted, and the courts in such cases universally grant new trials.  *Chidester* v. *Con. P. Ditch Co.* 53 Cal. 56; *Brown* v. *McAllister,* 39 Cal. 573; *Clark* v. *McEloy,* 11 Cal. 161; *McCreery* v. *Everding,* 44 Cal. 246; *People* v. *Anderson,* id. 65; Graham & Waterman on New Trials, vol. 3, 800; *Sayre* v. *Townsend,* 13 Wend. 647.

The other instructions of plaintiffs, Nos. 4 and 5, are open to the same objections, and state that, if defendants do not succeed in making out title, the jury should find for plaintiffs.  The sufficiency of plaintiffs' location is pre-

sumed throughout plaintiffs' entire instructions; and the whole case is founded upon the theory that the burden of proving title devolved on defendants.

ROBINSON & STAPLETON, for respondents.

This is an appeal from an order overruling a motion for a new trial. The pleadings show these facts: That on the 1st day of August, 1880, plaintiffs were in possession of and owners of the Triumph lode, and which included the ground in controversy (see Complaint, Record, p. 2 *et seq.*), and that on the 25th of August, 1880, the defendants entered on a portion of the said Triumph lode, describing the portion so entered upon by the defendants. See Record, p. 3.

The answer of defendants denies plaintiffs' title to only the $1\frac{48}{100}$ in dispute (see Answer, Record, pp. 8, 9), and denies that said part in dispute was a part of the said Triumph lode or included within it (p. 9); and affirmatively avers that in October, 1875, the predecessors in interest of defendants located a claim under the name of the Bachelor lode, and that the ground in dispute, one and forty-eight one-hundredths acres, is a part of the said Bachelor lode claim. See Answer, Record, pp. 10, 11.

Thus, by the pleadings, the location of the Triumph lode is admitted, its location being alleged and not controverted, and no proof was required by plaintiffs to establish its location, which is an answer to appellants' first objection (Record, p. 72), that the evidence is not sufficient to establish such location.

Then on the proof adduced, which was unnecessary, it is shown that the Triumph lode was located by plaintiffs Robt. McMinn, John and Emanuel Hauswirth in May, 1877. Record, pp. 18, 19, 55, 27.

There was evidence that the ground in controversy was not included within the Bachelor location. There was a conflict in the evidence as to this. See evidence of Hirsch and of McMinn. Also testimony of Peter Shurr. Also

testimony of Bunsman, p. 62, line 7 to line 22. Deeds from Hauswirth to T. C. Anderson and Hottendorff, plaintiffs. The location of Triumph lode was made by plaintiffs McMinn, John Hauswirth and E. Hauswirth, and interests assigned to Anderson and Hottendorff.

The case was tried on the theory of defendants being in possession, and the jury were instructed to disregard any evidence of plaintiffs being in possession. See the pleadings above referred to, and the defendants' second and seventh instructions.

The evidence cannot contradict the pleadings, and no harm was done to defendants by reason of such showing by the evidence, and the motion for non-suit was properly overruled.

As to appellants' second specification of error of law, and as embodied in their second exception, which see, respondents claim that no error was committed in admitting evidence of such compromise. The rule of law is well settled, that adjacent owners of land may verbally agree on the division line between them, which is in dispute, and when such is agreed upon and the boundaries marked, it is not within the statute of frauds; it is not a contract for the sale of land, and such contracts have ever been sustained. *Lindsay* v. *Springer,* 4 How. (Del.) 547; *Blair* v. *Smith,* 16 Mo. 273; *Grey* v. *Berry,* 9 N. H. 473; *Orr* v. *Hadly,* 36 N. H. 575; U. S. Dig. vol. 3 (old series), p. 153, sec. 171; *Rabner* v. *Anderson,* 63 N. C. 365; *McCoy* v. *Hutchinez,* 8 W. & S. (Pa.) 66; *Houston* v. *Sneed,* 15 Tex. 307; Waterman on Trespass, vol. 2, pp. 110, 111, and cases cited; Wait's Act. & Def. vol. 6, p. 690; *Clark* v. *Hulsey,* 54 Ga. 608; *Rutherford* v. *Tracy,* 48 Mo. 325; 8 Am. Rep. 104; *Stanwood* v. *McClellan,* 48 Mo. 275; *Hoxey* v. *Clay,* 20 Tex. 582.

In the case at bar, the title in plaintiff to the Triumph lode, and title to the Bachelor lode in defendants, is not in dispute. The only thing in dispute is a fraction of one and forty-eight one-hundredths acres lying between the

main location of said two lodes; and it is only a question of boundaries between the Triumph and Bachelor lodes or locations as to whether this one and forty-eight one-hundredths acres was included in the Bachelor location; and the record shows this was the only real question involved. Such being the case, it was proper for the parties to agree verbally as to the dividing line, and to mark the same and go into possession accordingly. Such would not be within the statute of frauds, and the parties would be estopped from controverting it.

The fourth and last error of law complained of is as to giving instructions — that they are against law, etc. It would be uselessly consuming time to cite authorities to the effect that, in determining the correctness of any instruction, all the instructions given must be considered and taken together; and if, as a whole, the law of the case is properly given, the judgment will stand. This, we claim, has been done, and the jury was not misled.

Conceding, as an abstract proposition, that plaintiffs' first and second instructions were wrong, standing by themselves, we claim that, taking them in connection with defendants' first and seventh instructions, the jury were not misled. *Livermore* v. *Stine,* 43 Cal. 274; *Solen* v. *R. R. Co.* 13 Nev. 139; *Railway Co.* v. *Whitton,* 13 Wall. 290.

Instructions must always be given with reference to the pleadings and evidence. In this case the only issue really was as to whether or not the ground in dispute is within the Bachelor location. The case was tried on this theory: Plaintiffs' Triumph being admitted in the pleadings and established by evidence, defendants denying title in plaintiffs to only the part in dispute, and claiming title thereto by virtue of an older location, it became a question as to whether or not it was included within the Bachelor location.

The exceptions to the instruction cannot be considered, for the reason they are too general and not specific, and

VOL. IV — 20

do not specify that they conflict. *Griswold* v. *Baley,* 1 Mont. 549; *McKinney* v. *Powers,* 2 Mont. 446; *Hicks* v. *Coleman,* 25 Cal. 146.

The Practice Act, under which the two above cited Montana decisions were rendered, is same as now. Sec. 202, act of 1871–2, subd. 7, and sec. 229, same act, Codified Statutes, 71 and 72. See Statutes of 1877; R. S. of 1879, p. 86, sec. 253, subd. 7, and sec. 281, p. 91. Section 203, Codified Statutes of 1871–2, is favorable to our construction.

WADE, C. J. This appeal, among other things, calls in question the validity of a mining claim location under the act of congress of May 10, 1872. The respondents claim title and right of possession to the ground in dispute by virtue of their location of the Triumph lode mining claim, which location, the appellants contend, is void, for the reason that the testimony disclosed the fact that the Triumph location is two thousand feet in length on the southern boundary line, and therefore not authorized by the act aforesaid.

The act of congress provides: "A mining claim, located after the passage of this act, whether located by one or more persons, may equal, but shall not exceed, one thousand five hundred feet in length along the vein or lode." . . . "The location must be distinctly marked on the ground so that its boundaries can be readily traced. All records of mining claims hereafter made shall contain the name or names of the locators, the date of location, and such a description of the claim or claims located, by reference to some natural object or permanent monument, as will identify the claim." Such a location on the public mineral lands of the United States carries with it a grant from the government to the person making the same, and confers upon such a person the right to the exclusive possession and enjoyment of all the surface ground within the lines of such location. In order to

make this grant effectual, the location must be distinctly marked on the ground, so that its boundaries can be readily traced, and the record of the location must contain such a description of the claim as will identify it by reference to some natural object or permanent monument. Such reference is as necessary as that the record should contain the date of the location and the name of the person making the same. Both requirements are for the purpose of notice. Neither a grant or the right of possession attach to a location that does not give the notice required. As was said in the case of *Belk* v. *Meagher et al.* 3 Mont. 80, there is no grant from the government under the act of congress, unless there is a location according to law. Such a location is a condition precedent to the grant. And in the same case, in the supreme court of the United States, it is held: "That the right of location upon the mineral lands of the United States is a privilege granted by congress, but can only be exercised within the limits prescribed by the grant. The right to possession comes only from a valid location. Consequently, if there is no location, there can be no possession under it. Location does not necessarily follow from possession, but possession from location."

Before there can be a valid location there must be a discovery. Taking the discovery as the initial point, the boundaries must be so definite and certain as that they can be readily traced, and they must be within the limits authorized by law. Otherwise their purpose and object would be defeated. The area bounded by a location must be within the limits of the grant. No one would be required to look outside of such limits for the boundaries of a location. Boundaries beyond the maximum extent of a location would not impart notice, and would be equivalent to no boundaries at all. A discovery entitles the person making the same to a mining claim, embracing the discovery, not to exceed one thousand five hundred feet in length by six hundred in width. Within these limits, if

the boundaries are properly marked on the ground, and the location properly made and recorded, the grant of the government attaches, and third persons must take notice. But they would not be required to look for stakes or boundaries outside of, or beyond, the utmost limits of location as authorized by the statute.

As to the length of a mining claim, there must be a substantial compliance with the law, as there must in all other respects pertaining to the location. The claim in question, as shown by the stakes and boundaries thereof, is two thousand feet in length, whereas the greatest length, as authorized by law, is fifteen hundred feet. If such a location could be sustained to the extent of fifteen hundred feet, where the rights of third persons had not intervened, which we do not decide, certainly, if such rights had attached, such a location would not protect five hundred feet in length of claim more than the law authorizes by virtue of one discovery. A fifteen hundred feet claim cannot be shifted from one end to the other of a two thousand feet claim, as circumstances might require, to cover the discovery of a third person within such two thousand feet location.

"The object of the law in requiring the location to be marked upon the ground is to fix the claim, to prevent floating or swinging, so that those who, in good faith, are looking for unoccupied ground in the vicinity of previous locations, may be enabled to ascertain exactly what has been appropriated, in order to make their locations upon the residue. The provisions of the law designed for the attainment of this object are most important and beneficent, and they ought not to be frittered away by construction." *Gleason* v. *Martin White M. Co.* 13 Nev. 462.

"The locator should make his location so certain that the miners who follow him may know the extent of his claim, and be able to locate the unoccupied ground without fear that, when they have found a paying mine, the theretofore indefinite lines of some prior location may be

made to embrace it." *Mt. Diablo M. & M. Co.* v. *Callison*, 5 Saw. 449.

There is one other consideration. The complaint alleges entry and ouster by the defendants as to the ground in dispute, and charges that possession thereof is held by the defendants. The replication avers that the plaintiffs are, and for a long time have been, in possession of the premises. If the replication is true, the complaint is false. If the complaint is true, the replication is untrue. They flatly contradict each other. If the averments of the complaint state a cause of action, the replication, if true, entirely defeats such action. Testimony that would support the replication would destroy the complaint and the plaintiffs' cause of action. The pleadings ought to support the judgment and be consistent with each other.

The affidavit to the Triumph location states that the foregoing notice is a similar copy of the original notice of location of the claim as posted thereon the day therein stated. In view of the fact that most of the locations in Silver Bow and Deer Lodge counties are authenticated by similar affidavits, and that to decide that such is insufficient would disturb many titles, we hold the same good,— *" Communis error facit jus."*

The judgment is reversed and the cause remanded for a new trial.

*Judgment reversed.*