NOYES ET AL., appellants, *v.* BLACK ET AL., respondents.

MINING GROUND — *Bare possession* — *Right of possession.*— Mining ground cannot be held by possession alone against a valid location. Such location is a condition precedent to a grant from government. Possession follows and derives its right from a valid location.

Possession is sufficient to maintain trespass or ejection against a stranger, but not against one who has the right of possession.

CASES CITED AND APPROVED.— *Belk* v. *Meagher*, 3 Mont., 80; *Hopkins et al.* v. *Noyes*, 4 Mont. 550; *Tibbitts* v. *Ah Tong*, 4 Mont. 536; *McKinstry* v. *Clark & Cameron*, 4 Mont. 370; *Hauswirth* v. *Butcher*, 4 Mont. 299.

*Appeal from Second District, Silver Bow County.*

ROBINSON & STAPLETON, for appellants.

This action is a bill to quiet title to the premises described in plaintiffs' complaint, brought under section 354, Code of Civil Procedure. Appellants claim the premises as and for placer mining purposes, and respondents by virtue of a location of a quartz lode, located under the name of the Welcome Stranger lode, with three hundred feet of surface ground on each side of said lode. See Complaint, pp. 1 to 3, and Answer, 4 to 5, inclusive.

The findings of fact by the jury (p. 8, line 14, to p. 9, line 5) find the facts on which said cause should be de-

termined, irrespective of the general verdict for defendants, and on which said findings the court should have entered judgment for plaintiffs.

The first of said findings is, that plaintiffs and their grantors had been in actual possession of the premises for placer mining purposes ever since prior to the location of the Welcome Stranger lode by defendants; and the second finding, that plaintiffs actually possessed the same when the suit was begun; and the third finding, that the Welcome Stranger lode is from one to seven feet wide. On these facts appellants claim to be entitled to judgment for all said premises, or at least to all but a strip through said land not to exceed seven feet wide.

This presents for consideration the rights of a prior placer claimant as against a subsequent quartz claimant.

The finding of the jury as to the actual possession of plaintiffs for mining purposes is a finding of title in them; for one in possession is in law presumed to be the owner till the contrary is shown, and no adverse finding destroys such presumption in this case. Tyler on Ejectment, p. 70; *Nagle* v. *Macey*, 9 Cal. 428; *Winans* v. *Christy*, 4 Cal. 79; *Castro* v. *Gill*, id. 40–95; *Burt* v. *Panjaud*, 9 Otto, 180; *Hess* v. *Winder*, 30 Cal. 355; *English* v. *Johnson*, 17 Cal. 108; *Atwood* v. *Fricot*, id. 37; *Pennsylvania Co.* v. *Owens*, 15 Cal. 135; *Sears* v. *Taylor*, 4 Col. 38; *North Noonday Co.* v. *Orient Co.* 6 Saw. 503; *Campbell* v. *Rankin*, 99 U. S. 262.

The defendants assert no claim to said premises of an earlier date than 1875 (see Answer, p. 5, lines 15 to 19), and the findings are that plaintiffs were in actual possession for placer mining purposes at and prior to said time; and said ground is placer mining ground; and that plaintiffs had been ever since in actual possession.

Appellants contend, then, that as they were in actual possession when defendants' location of the Welcome Stranger lode was made, defendants initiated their title by trespass on plaintiffs' rights, and could not initiate

their rights thereby — at least by taking possession of any portion of the placer ground; and that defendants could not locate, nor were they entitled to, any more than the actual width of the vein — seven feet.

The judgment of the court is for defendants, for not only the width of the vein, but the placer ground of plaintiffs; and ignores their prior rights altogether. That if this judgment is correct, then a placer claimant can acquire no right that he could maintain against a subsequent quartz locator.

The government makes no distinction as to rights of locators of quartz and placer claims. That when the title by location of a claimant is parted with by the government, whether in the form of a quartz or placer location, there is nothing for any one else to locate. The surface ground in this case had been located — possessed, equivalent to a location — prior to defendants' location; and the location of all but the actual width of the vein was located and was not subject to location by defendants.

Sec. 2319, U. S. statutes, provides only for location of ground subject to location; and it and secs. 2329, 2330, 2331 and 2333 recognize the rights of placer claimants as of equal validity with quartz claimants.

Sec. 2333 does not authorize the locator of a quartz claim, in so doing, to take away the rights of a placer claimant. All these sections in relation to locating mines are to the effect that a locator takes only such as there is for him to locate, subject to prior rights; and if there is nothing but the vein to locate, this is all he gets.

There is no question presented in this case of an abandonment by plaintiffs of their rights to the vein by applying for patent as contemplated in sec. 2333, U. S. statutes. We cite the court to sec. 2336, U. S. statutes. Where two veins intersect, the second locator can acquire no surface ground to the extent of six hundred feet where it crosses the first location; he takes only the vein.

We ask that the judgment be reversed and the cause

remanded, with directions to enter judgment for the plaintiffs.

KNOWLES & FORBIS, for respondents.

The plaintiffs set forth in their complaint that they, as tenants in common, are now, and for a long time hitherto have been, the owners of, in the actual possession, and entitled to the possession, of all that certain lot, piece or parcel of mining ground. Then follows a description of the ground. They then set forth that defendants claim an estate or interest in the premises. That their claim is fraudulent and without right. That, in consequence of said adverse claim, plaintiffs' placer claim is much depreciated in value.

This is an action in equity to quiet the title of plaintiffs. The defendants deny the ownership and actual possession of plaintiffs, and set forth title to the premises under the location of the same as the Welcome Stranger lode, and their possession since 1875.

The plaintiffs interpose a replication to defendants' allegation of ownership and possession.

A jury was impaneled in the case, but, notwithstanding, it was a trial by the court. The jury were only advisory. The court was responsible for the findings. See *Gallagher* v. *Basey,* 1 Mont. 457; *Basey* v. *Gallagher,* 20 Wall. (U. S.) 670.

The jury made answer to five special findings submitted to them.

1. Did defendants, in making their location, comply with all requirements of law?

Ans. Yes.

Have the grantors of plaintiffs and plaintiffs been in the actual possession of the ground in dispute ever since prior to the location of the Welcome Stranger lode, March 29, 1875, for placer mining purposes?

Ans. Yes.

2. Were plaintiffs in actual possession of the ground in

dispute when this suit was brought, November 2, 1881?
Ans. Yes.

3. What is the actual width of the Welcome Stranger
lode?

Ans. From one to seven feet.

Then there is this general verdict:

"We, the jurors in the above cause, find a verdict for
the defendants."

In the decree which follows, the court adopts the find-
ings and general verdict of the jury, and says the same
are not inconsistent, and orders judgment for defendants
to be rendered in accordance with the verdict of the jury.
Transcript, p. 10.

Now, upon the issues presented in this case, the jury
did not find upon all of them in its special findings. It
found nothing upon the issue of ownership. The issue
of ownership and the issue of actual possession were two
distinct issues. They were so presented in the pleadings.
They are so in the very nature of the action brought.
There is nothing to show whether plaintiffs ever located
the ground in dispute.

Upon the issue of ownership — that is, title — the jury
in their general verdict must have found for defendants.
If they did not, then the presumption is that the court
found upon this issue in favor of defendants. *San Fran-
cisco* v. *Easton,* 46 Cal. 100; *Lyons* v. *Leimback,* 29 Cal.
139; *Morse* v. *Swan,* 2 Mont. 306; *Thorp* v. *Freed,* 1 Mont.
664. As we have shown, a material question was not
passed upon in the special findings. Where material
matters are omitted in the special findings, and there is
a general verdict, the general verdict should govern.
*McDermott* v. *Higby,* 23 Cal. 489.

Even in a law case plaintiffs were not entitled to judg-
ment. Much less would they be in a chancery case,
where the court is responsible for the findings of fact, and
can set aside the findings of a jury at its pleasure.

We think it will be found, upon an examination of the

cases cited by appellant, that all that is claimed in them is that possession is evidence of title.  If it is only evidence of this, then, as to the finding of possession, the court only adopted a finding of evidence, and not upon an issuable fact.  When the court finds only evidence, and not issuable facts, the law will imply findings upon all the issuable facts in support of the judgment.  *Bernal* v. *Wade*, 46 Cal. 663.

Possession is only evidence of title — a fact from which title may be presumed.  If all that a party had to do was to prove possession, then the only thing left an opposite party would be to disprove possession.  If actual possession is title, then a person wrongfully in possession would have title.  As against a mere stranger, possession is sufficient to maintain trespass or ejectment; but as against one having title coming from the paramount source of title, it would be insufficient.  In this case the defendants were not mere strangers.  They claimed as locators of the premises, and the jury found that they located in accordance with law.  A location in compliance with the requirements of law gives a locator a grant to the possession of the premises for mining purposes.  This has been so held by this court, and it is the doctrine upon which the supreme court of the United States base their decision in the case of *Belk* v. *Meagher*, 14 Otto, 279.  That court says in that case: "The right to possession comes only from a valid location.  Location does not necessarily follow from possession, but possession from location.  A location is not made by taking possession alone," etc.

Now the defendants made a valid location.  There is nothing to show that the plaintiffs did.

In the above case of *Belk* v. *Meagher*, 14 Otto, 288, the supreme court says of Belk's possession:  His possession might have been such as would have enabled him to bring an action of trespass against one who entered without any color of right, but not enough, as we think,

to prevent an entry peaceably and in good faith, for the purpose of securing a right under the act of congress to the exclusive possession and enjoyment of the property. The defendants having got into possession and perfected a relocation, have secured the better right.

The findings show that defendants had a grant to the right of possession, and there is nothing to show that plaintiffs had any such grant.

The possession is not the title to mining ground; but the right to possession is.    Possession alone will not avail in this action.    *Stark* v. *Starr*, 6 Wall. (U. S.) 410; *King* v. *French*, 2 Saw. C. C. 441; *City of San Diego* v. *Allison*, 46 Cal. 162.

If the question between quartz or lode locations and placer mining locations were in issue in this case, I do not see that there would be much trouble in the case.

The jury found the possession of plaintiffs had been for placer mining alone.    Now such a location is only for one easement.    There may be several in the same ground. Washburn on Real Property, vol. 2 (3d ed.), 345; *O'Keefe* v. *Cunningham*, 9 Cal. 589; *The N. C. & S. C. Co.* v. *Kidd*, 37 Cal. 282, and page of opinion 315.

In this last case the court say:  "A party's right is limited to the general object for which it was acquired, and another party may acquire another right for a similar or different object not in conflict with the prior right."

Now in this case the plaintiffs held possession, as found by the jury, of the premises for placer mining purposes. The defendants had properly located it for lode mining purposes.    They were different rights, and both could exist in the same ground.    The plaintiffs, then, would have no right to have their title, if they ever had any, quieted, so as to exclude this right of defendants.    When it came to applying for a patent to the ground, it is evident the right is given to the lode claimant.

It is evident, from a consideration of section 2325 of

the Revised Statutes of the United States, that it refers to lode claims.

By section 2327 it is said placer claims may be subject to entry and patent under like circumstances as lode claims.

In section 2333, it is evident that the owner of a placer claim, which embraces a lode claim, cannot patent it unless he owns the lode claim.

We do not think, however, that, considering the findings and judgment in this case, this question is properly presented for the determination of this court.

WADE, C. J. This is the case of actual possession against a valid location. The plaintiffs, by virtue of possession alone, attempt to hold mining ground as against a valid location of the same ground. This they cannot do. In the case of *Belk* v. *Meagher et al.* 3 Mont. 80, we held that "there is no grant from the government, under the act of congress, unless there is a location according to law and the local rules and regulations. Such location is a condition precedent to the grant. Mere possession, not based upon a valid location, would not prevent a valid location under the law." The supreme court of the United States, affirming this decision, say: "The right of possession comes only from a valid location. Consequently, if there is no location, there can be no possession under it. Location does not necessarily follow from possession, but possession from location. A location is not made by taking possession alone, but by working on the ground, recording, and doing whatever else is required for that purpose by the acts of congress and the local rules and regulations." *Belk* v. *Meagher*, 104 U. S. 284.

In the case of *Hopkins et al.* v. *Noyes*, decided at this term, we held that "Possessory titles do not live upon possession alone. They must be supported by proof of a compliance with the law that gives the right to and sustains the possession. The mere naked possession of a

mining claim upon the public lands is not sufficient to hold such claim as against a subsequent location made in pursuance of the law and kept alive by a compliance therewith." 4 Mont. 550.

In the case of *Tibbitts* v. *Ah Tong*, decided at this term, it is said: "The right to the possession comes only from a valid location. It is a part of the location itself. . . . The right to locate and the right to possess go together. They are parts of the same grant. They belong each to the other. Neither can exist without the other. . . . Location is the foundation of the possessory title, and possession under it, as required by the law and the local rules and customs, keeps the title alive. The government holds the superior title in trust for the person so holding the possessory title until, by complying with the law, he may acquire the full title." 4 Mont. 536. To the same effect, see *Russell* v. *Hoyt*, 4 Mont. 412; *McKinstry* v. *Clark & Cameron*, 4 Mont. 370; *Hauswirth* v. *Butcher*, 4 Mont. 299.

As against a stranger, possession is sufficient to maintain trespass or ejectment. But that is not this case. Here the plaintiffs attempt to stand upon bare possession without a location, as against the defendants, who have a location — a grant, which carries with it the right of possession and the right to acquire full title. In such a case there is no presumption of title in favor of the party in possession. But, if there was, he who shows a valid location, as against naked possession, has the better right.

The judgment is affirmed, with costs.

*Judgment affirmed.*