## GATEWOOD v. McLAUGHLIN.

THE right to a mining claim upon the public lands rests upon possession only, and a sale by parol by one in possession accompanied by a transfer of possession, transfers the title.

APPEAL from the Sixteenth Judicial District, Calaveras County.

The facts are stated in the opinion of the Court.

*H. P. Barber* and *William S. Wood*, for Appellant.

*H. O. Beatty*, for Respondent.

CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

This is an action to recover the possession of the undivided one-fourth of a mining claim. Both parties claim under one Tyson; the plaintiff under a deed dated March 25th, 1861, and the defendant under an alleged verbal sale and delivery of possession prior to that date, by Tyson to one McCabe, and by McCabe to one Harris, and by Harris to the defendant. On the trial, the defendant "offered to prove by good and competent evidence, to wit: by parol, that the plaintiff's grantor, prior to the conveyance made to the plaintiff, had sold his interest, being the interest in controversy, to one McCabe; that McCabe afterwards sold to James Harris; that Harris sold to the defendant the identical interest sold to the plaintiff by Tyson, and that the grantors of the defendant went into the possession, and they and the defendant have held the possession thereof to the present time." To this the plaintiff objected that such parol transfer was void and not binding upon him, as he claimed under a deed duly acknowledged. The Court sustained the objection and ruled out the evidence, and this is assigned for error.

In the case of the *Table Mountain Tunnel Co.* v. *Stranahan*

(20 Cal. 198), it was held that the right to a mining claim rested upon possession only, and did not amount to an interest in the land, and therefore was not within the Statute of Frauds; and that no conveyance other than a delivery of the possession was necessary to transfer the title from one person to another. And the Court intimated a similar opinion in the case of *Jackson* v. *Feather River Water Co.* (14 Cal. 22). Under these rulings, which we see no good reason for disturbing, the Court clearly erred in rejecting the evidence offered by the defendant.

The judgment is therefore reversed, and the cause remanded for a new trial.