HOPKINS ET AL., respondents, *v.* NOYES ET AL., appellants.

MINING TITLES — *Possession only insufficient — Proof necessary — Real estate — Deed necessary — Husband must join wife in action to recover — Co-tenant can maintain action.*— Mere possession of a mining claim, without location, or under a location dead by reason of non-compliance with local rules and regulations, presumes no grant and carries no right of possession against one claiming under a valid location.

Proof of possession only, on a trial of an issue as to forfeiture for non-compliance with the rules and regulations of a mining district, is immaterial, and may be ruled out without error.

The locator of a mining claim takes as by grant from government, and such possessory title is real estate, expressly declared to be such by Montana statute, and is within the statute of frauds, and can only be transferred by deed.

A conveyance of real estate to wife, with no words of limitation, vests title in her, and the husband is only entitled to rents and profits. The husband should be joined with wife in action to recover such estate.

Where parties hold an undivided third interest in real estate by good title, though that to the other two-thirds may be defective, they can maintain action for the exclusive possession of the entire property against all the world, except their co-tenants.

*Appeal from Second District, Silver Bow County.*

J. C. ROBINSON, THOS. L. NAPTON and G. W. STAPLETON, for appellants.

Appellants claim a reversal of this cause, as is shown by exception No. 2, on pp. 45, 46 and 47 of transcript on appeal.

The question presented for the determination of the court is: Can a title to placer mining ground be acquired by purchase, accompanied by actual delivery of the possession of the premises, and followed by continuous possession to the date of the bringing of this suit, there being no deeds to any portion of said premises?

We consider that such possessory title is sufficient to defeat an action of ejectment as in this case. See *Campbell* v. *Rankin*, 99 U. S. 261. A conveyance in writing is not necessary to the valid transfer of a placer mining claim. See *Mining Co.* v. *Taylor*, 100 U. S. 37.

An equitable title created by delivery of possession and payment of purchase money is sufficient to defeat ejectment, and the party taking possession can enforce the conveyance. 3 Washburn on Real Property (4th ed.), 235; Story's Eq. Jur. sec. 790.

2. La Blue & Forrest were the original locators of the land claimed by plaintiffs, who appointed Jeremiah Denome their attorney to convey. He conveys in his own name, representing himself as attorney for La Blue & Forrest, by signing his name first, the representation following. This makes it his own, and not that of La

Blue & Forrest. See *Morrison* v. *Bowman,* 29 Cal. 337; *Echols* v. *Cheney,* 28 Cal. 157.

3. Conveying property to a married woman, unless the calls of the deed are to her *sole* and *separate* use, immediately vests the title in the husband; and the allegations of the complaint in this cause vary from such proof, and defendants' objection should have been sustained, as shown by exception No. 3. The intention to convey the property to the separate use of the wife must be clear in order to exclude the marital rights of the husband. 1 Washburn on Real Property, pp. 330, 331 *et seq.; Tritt* v. *Colwell,* 31 Penn. 228; *Welsh* v. *Welsh,* 14 Ala. 76; *Fears* v. *Brooks,* 12 Ga. 195; *Carroll* v. *Lee,* 22 Am. Dec. 350; *Hamilton* v. *Bishop,* 29 Am. Dec. 101, and note 1.

4. Actual possession is a good defense in ejectment, regardless of any location, and recordation has nothing to do with such actual possession. Possession is the first step, recordation the second; and a patent the first step in the acquisition of title to placer mining ground.

KNOWLES & FORBIS, for respondents.

The first point involved is as to the admissibility of parol evidence to prove a conveyance of a mining claim, there being no written evidence of such conveyance. Under our statute a conveyance of real estate must be in writing. R. S. sec. 160, p. 435; sec. 212, p. 443; sec. 177, p. 437; sec. 178, p. 438.

Mining claims are real estate under our statute. R. S. subd. 5, sec. 145, p. 432; sec. 211, p. 443; sec. 176, p. 437.

Mining claims can only be conveyed by bill of sale or deed. *Barkley* v. *Tieleke,* 2 Mont. 59; *Hardenberg* v. *Bacon,* 33 Cal. 356–381; *Melton* v. *Lombard,* 51 Cal. 258; *Smith* v. *O'Hara,* 43 Cal. 371.

The authorities cited by appellant only apply when mining claims are considered merely as possessory rights, and nothing but possession passed. *Gatewood* v. *McLaughlin,* 23 Cal. 178; *Table Mt. Tunnel Co.* v. *Stranahan,* 20 Cal. 198.

The property was the separate property of Olive H. Hopkins, and Robert P. Hopkins was not a necessary party. R. S. sec. 7, p. 42; Moak's Van Santvoord's Pleading, 61; *Ackley* v. *Tarbox*, 31 N. Y. 664; *Palmer* v. *Davis*, 28 N. Y. 242.

Considering the property as common property, the allegations were sufficient, and state the facts exactly as they exist, and that is all that is necessary. R. S. sec. 83, p. 54; Bishop on Married Women, sec. 575.

There was no error in admitting the power of attorney and deeds executed by Denome; for, admitting that they were inadmissible, there was a deed in evidence executed by Hale to Olive H. Hopkins, conveying one undivided third interest in the Maria Louise lode (see pp. 30 and 48 of transcript). This at least made her a tenant in common, and as such she could maintain this action. *Trent* v. *Reilley*, 35 Cal. 129; *Williams* v. *Sutton*, 43 Cal. 65.

If defendants rely upon an equitable title, they must set up the facts constituting such equitable title in their pleadings. *McCauley* v. *Fuller*, 44 Cal. 356; *Tormey* v. *Frue*, 45 Cal. 105; *Kenyon* v. *Quinn*, 41 Cal. 325.

Defendants, by answering, waived all objections to plaintiffs' complaint, and by their answer put in issue the title of both plaintiffs. See p. 7 of transcript.

### ADDITIONAL BRIEF OF RESPONDENTS.

First. The complaint shows the facts. Olive Hopkins is the name of the owner of the property. If Robert Hopkins has any rights, they arise from this fact of her ownership, and his ownership is cast upon him by law, and the allegation of her ownership raises an implication of his ownership. It is not proper to allege what arises as a legal conclusion from other facts alleged. Moak's Van Santvoord's Pl. 184–196; Pomeroy's Remedies, sec. 530.

There was sufficient in the complaint to show the title of Olive Hopkins. If there was not enough to show

Robert Hopkins' right, then we may consider the case as though a demurrer had been made to the complaint, for the reason that it did not state facts sufficient to constitute a cause of action to him, and sustained. That being the case, we would have a defect in the parties plaintiff, which is a ground of demurrer. See sec. 85, R. S. of 1879.

If such a defect is not taken advantage of by demurrer, it is waived. Moak's Van Santvoord's Pl. 743; Pomeroy's Rem. etc. secs. 247–8; *Palmer* v. *Davis,* 28 N. Y. 242; *Fulton Fire Ins. Co.* v. *Baldwin,* 37 N. Y. 648.

As to whether or not the defendant should have been allowed to prove parol conveyances of placer mining claims, and whether or not it is not necessary that they should be evidenced by writing, is immaterial in this case.

The location of a parcel of ground for placer mining purposes gives the locator, at most, only a mining easement. This easement is confined to the purposes for which the ground is located, namely, the right to take out the gold contained in the deposits in the same.

The location of a parcel of ground for lode purposes is another easement, and a different one. Two easements for different purposes may exist in the same ground.

In the case of placer mining easement and a lode mining easement, when it comes to patenting the same, the placer mining claim must yield to the quartz or lode easement. See R. S. of the United States, sec. 2333.

APPELLANTS' BRIEF IN REPLY.

In the case of *Hardenberg* v. *Bacon,* 33 Cal., there was no pretense of transferring possession. *Melton* v. *Lombard,* 51 Cal., and *Goller* v. *Fett,* 30 Cal., were decided under a special statute.

The case of *Keney* v. *Consolidated Virginia,* 4 Saw. 385, is additional authority as to a parol conveyance,

accompanied with possession, being good to convey a mine.

There is no case presented in the record for an equitable defense. It is only a question of showing prior possession in appellants to defeat respondents' title.

WADE, C. J. This action grows out of a conflict between a placer location under the act of congress of July 26, 1866, and a quartz lode location under the act of May 10, 1872, and the plaintiffs bring the action under the statute to have determined the right to the possession of the ground in dispute. The defendants claimed title and the right of possession under a placer location, and on the trial offered to prove that the ground in question was located and recorded as a placer mining claim in the year 1866 in pursuance of the law and the local rules and regulations of the Summit Valley Mining District; that the parties who made the location immediately entered into the actual possession, and thereafter sold the ground to other parties and delivered the actual possession thereof to them; that such other parties, while in the actual possession, sold and delivered the same to defendants, who at once entered into the actual possession, and held such possession down to the date of the commencement of this action, but that none of said sales and transfers were by deed.

This testimony was excluded and error assigned.

1. Under this issue the question of actual possession was not very material. The inquiry being as to which of these parties had the right to possession, the presumption of ownership which accompanies possession did not arise. Possession by defendants was admitted, and issue was joined as to their right. The plaintiffs alleged that the defendants had forfeited their right to the possession by a failure to comply with the rules and regulations of the mining district in relation thereto, and that was the question to be tried. The defendants did not offer to

prove, and it did not appear, that they or their predecessors in interest held possession of the claim by virtue of a compliance with the local rules and regulations of the district in which the same was situated. Possession must be so held in order to carry with it a possessory title. Possession within a mining district, to be protected, or to give vitality to a title, must be in pursuance of the law and the local rules and regulations. Possession, in order to be available, must be properly supported. It must stand upon the law and be the result of a compliance therewith. Representation of a claim in the manner provided by the law, and the local rules and regulations of the mining district, is the life of the possessory title to such claim. Possession, without a location, carries no title. Possession under a location that has become dead by reason of non-representation, or a failure to comply with the local rules and customs, is equivalent to possession with no location at all. Therefore proof of the mere delivery of possession of a placer claim from one to another, from the date of location to the date of the adverse claim, whether such delivery was accompanied by a deed or otherwise, would be of little or no consequence. Such delivery would carry no title, unless the possession was supported by proof of a continued compliance with the law and the local rules and regulations, which alone gives vitality to the title by possession. Possessory titles do not live upon possession alone. They must be supported by proof of a compliance with the law that gives the right to and sustains the possession. The mere naked possession of a mining claim upon the public lands is not sufficient to hold such claim as against a subsequent location, made in pursuance of the law, and kept alive by a compliance therewith. Hence, we say that upon an issue joined as to the forfeiture of the right to the possession of a mining claim, by reason of failure in complying with the rules and regulations of the district as to representation, etc., proof of the actual

possession, or of the delivery of such possession from the date of the location to the trial of the issue, if unaccompanied by testimony showing that such possession was taken and held under and by virtue of a compliance with the local rules and regulations of the district, is immaterial proof.

2. The possessory title to a mining claim ought to be conveyed by deed. Such a title is real estate. It is a grant by the government to the locator of an interest in the public domain. *Robertson* v. *Smith*, 1 Mont. 414. A location as provided by law, and possession in compliance with the local rules and customs, gives to the locator such an interest in the ground located as that the government has no interest or estate therein that can be granted or conveyed to any other person, and in such a case the government holds the naked title in trust for the locator or his assigns.

Having heretofore held *(Robertson* v. *Smith, supra)* that the locator takes as by grant from the government, it necessarily follows that the thing granted is real estate. Personal property is not conveyed by grant. The term "grant" is only applicable to transfers of real property. 2 Washburn on Real Property, 517. If, then, the possessory interest of the defendants was an interest in real estate, it should have been conveyed by deed. Our statute provides (sec. 160, p. 435, R. S.) that no estate or interest in lands other than for leases for a term not exceeding one year shall be created, granted, assigned, surrendered or declared, unless by act or operation of law, or by deed or conveyance in writing, subscribed by the party creating, granting, assigning, surrendering or declaring the same. And section 211, id., declares that "the term real estate, as used in this article, shall be construed as co-extensive in meaning with lands, tenements, hereditaments and possessory titles to the public lands in this territory."

Thus, by the very terms of the statute, the possessory

title of the defendants' predecessors was real estate, and should have been conveyed by deed. The California decisions referred to do not throw much light on this subject.

The case of *Table Mt. Tunnel Co.* v. *Stranahan*, 20 Cal. 198, holds that "rights resting upon possession *only, and not amounting to an interest in the land,* are not within the statute of frauds, and no conveyance other than by a transfer of possession is necessary to pass them." Of course, rights resting upon naked possession only could not be considered real estate. A mere trespasser might possess such rights. But it is a very different thing where possession is held by virtue of a location and representation, in pursuance of the local rules and regulations of a mining district. In such a case the possession is supported by a grant from the government, and the possessory title thereby acquired and held is, by the terms of our statute, declared to be real estate. The effect of this decision is that rights resting in possession, which do not amount to an interest in the land, are not within the statute of frauds. And, thus stated, the doctrine is always correct.

In the case of *Hardenbergh* v. *Bacon*, 33 Cal. 381, the following language is used: "In this state it has frequently been held that the title to a mining claim would pass by a verbal sale, accompanied by an actual transfer of the possession. *Table Mt. Tunnel Co.* v. *Stranahan*, 20 Cal. 198; *Gatewood* v. *McLaughlin*, 23 Cal. 178; *Patterson* v. *Keystone Co.* id. 576." It is impossible to reconcile those cases with the statute of frauds, except upon the ground taken in the leading case, that "rights resting upon possession only, and not amounting to an interest in the land, are not within the statute of frauds, and no conveyance other than a transfer of possession is necessary to pass them." The doctrine of those cases, however, has no bearing when the interest held in the mining ground is considered as real estate. The declaration in *Mining*

*Co.* v. *Taylor*, 100 U. S. 42, that a written conveyance is not necessary to the transfer of a mining claim, is based upon the case of *The Table Mt. Tunnel Co.* v. *Stranahan*, *supra*, which case seems to have been overruled by the later case of *Hardenbergh* v. *Bacon*, *supra*, in the same state.

3. The original locators of the quartz lode claim described in the complaint conveyed the same to Olive H. Hopkins, the wife of Robert P. Hopkins, the plaintiff, and it is contended by the defendants that when real estate is conveyed to a wife, in the absence of words in the conveyance limiting the same to her sole and separate use, the property so conveyed, by operation of law, at once becomes the property of the husband, and therefore that the husband alone could bring this action. We know of no authority in the books to support the proposition. In the absence of any statutory provision regulating such conveyances, a conveyance of real property to a wife, containing no words limiting the conveyance to her sole and separate use, vests the property in her, and her husband is only entitled to the rents and profits thereof. 1 Wash. Real Prop. 312. These are among his marital rights, and if the wife forfeited the estate, his rights and interests therein would be defeated. If the intention is to cut off the marital rights of the husband, this intention must be so declared in the deed, by conveying the property to the sole and separate use of the wife. The intention must be clear in order to secure such separate use to the wife and to exclude the marital rights of the husband. 1 Washburn, Real Prop. 313–14, and authorities there cited. The marital rights of the husband do not swallow up or destroy the title of the wife, but are limited to the rents and profits, and these rights may be cut off and defeated by apt words in the conveyance declaring such intention.

4. The claim of plaintiff was located by Hale, La Blue and Forrest. Hale conveyed his undivided third interest

directly to Olive H. Hopkins, and La Blue and Forrest. conveyed to her by attorney. The two last deeds are defectively executed, but there is no objection to the deed from Hale. So that Mrs. Hopkins either became the owner of the entire property, or the owner of one undivided third interest therein, and a tenant in common with La Blue and Forrest, in either of which events she and her husband could maintain this action. One of the incidents of tenancy in common is that each of the co-tenants is entitled to the exclusive possession of the entire property as against the whole world except his co-tenants. Therefore a co-tenant, in prosecuting or defending actions concerning the common property, may treat the same as his own as against every one except his co-tenant. *Trent* v. *Reiley*, 35 Cal. 129; *Williams* v. *Sutton*, 43 Cal. 65.

Judgment is affirmed, with costs.

*Judgment affirmed.*