[No. 9893.    Department Two. — June 3, 1885.]

## D. J. HORSWELL ET AL., APPELLANTS, v. FRAN- CISCO RUIZ ET AL., RESPONDENTS.

MINING CLAIM — OCCUPATION — SUBSEQUENT POSSESSION — RIGHT OF POSSESSION. — Prior occupation and working of the mineral lands of the United States, without complying with the requirements of any law, either federal, district, or local . custom, does not give a right of possession as against one who afterwards peaceably locates a mining claim covering the same ground, and in all respect complies with the federal and district mining laws and regulations. From the time the second person has perfected his location, the prior occupant is a trespasser.

Id. — BOUNDARY LINES NEED NOT BE PARALLEL. — The provision of the statute of 1872, requiring the end lines of each mining claim to be parallel to each other, is merely directory, and no consequence is attached to a deviation from its direction.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial.

The action was brought to recover the possession of a mining claim, and for an injunction to restrain the defendants from extracting and removing the ore therefrom. The plaintiffs based their right of possession upon a location made on May 8, 1884. At that date the land in controversy was in the occupation of the defendants, who were engaged in working it. The further facts appear in the opinion of the court.

*Howard & Robarts,* for Appellants.

Occupation and labor alone create no right of possession in the mineral lands of the United States. (*Chapman* v. *Toy Long*, 4 Sawy. 28; *McCormick* v. *Varnes*, 2 Utah, 355; *Belk* v. *Meagher*, 104 U. S. 284; *Hopkins* v. *Noyes*, 4 Mont. 550.) The end lines of the claim need not be parallel. (*Eureka Case*, 4 Sawy. 319.)

*Smith & Hupp*, for Respondents.

SHARPSTEIN, J.—The instructions given at the request of the defendants in some instances contradict those which were given at the request of the plaintiffs. For example, one instruction, given at plaintiffs' request, reads: "You are instructed that if a party goes upon the mineral lands of the United States and works thereon, without complying with the requirements of any law, either federal, district, or local customs, and relies exclusively on his possession or work; and a second party locates peaceably a mining claim covering the same ground, and in all respects complies with the requirements of the federal and district mining rules, laws, and regulations, then such second party is entitled to the possession of such mineral ground as against the party in prior possession, who is, from the time said second party has perfected his location and complied with the law, a transgressor."

At the request of defendants the following was given: "The jury are instructed that, independently of any mining laws or customs, a party who first takes possession of an unclaimed mineral lode for mining purposes, may hold the same by actual work and occupation, to the extent of such work and occupation, as against all the world, except the paramount proprietor, provided that he neither claims nor holds in excess of that to which he would be entitled by virtue of a compliance with the mining laws."

The law is correctly stated in the one first given. *Morenhaut* v. *Wilson*, 52 Cal. 263; *Chapman* v. *Toy Long*, 4 Sawy. 28; *McCormick* v. *Varnes*, 2 Utah, 355; *Belk* v. *Meager*, 104 U. S. 284; *Hopkins* v. *Noyes*, 4 Mont. 550.

In the *Eureka Case*, 4 Sawy. 302, the court, Field, J., delivering the opinion, said: "The provision of the statutes

of 1872, requiring the lines of each claim to be parallel to each other, is merely directory, and no consequence is attached to a deviation from its direction."

The court was requested by plaintiffs to so instruct the jury, and refused to do so. We think the instruction should have been given.

The other exceptions are overruled. Judgment and order reversed.

THORNTON, J., and MYRICK, J., concurred.