[Decided June 28, 1894.]

## PATTERSON *v.* TARBELL.

[S. C. 37 Pac. Rep. 76.]

26    29
45    171

TIME ALLOWED FOR LOCATION OF MINING CLAIM.—The discoverer of a lode or vein of rock bearing precious metals must, in the absence of some local rule of miners or legislative regulation allowing time for exploration, immediately locate his claim by distinctly marking the same on the ground so that its boundaries can be readily ascertained, in order to hold it as against a subsequent valid location peaceably made.

APPEAL from Baker: MORTON D. CLIFFORD, Judge.

This is a suit to determine the right to the possession of certain surface ground included within the boundaries of both the Collateral quartz mining claim, located and owned by the plaintiffs, and the Palmer quartz mining claim, located and owned by the defendants, in Baker County, Oregon.   There is no material controversy about the facts, and, in substance, they are that in February, eighteen hundred and ninety-one, defendant Tarbell obtained permission from the owner of the Virtue mining claim to prospect within the boundaries of said claim for new veins or lodes of mineral-bearing rock, with a view of tracing the same, if discovered, to the adjoining public land, and locating a claim thereon, and while so prospecting he discovered a spur or feeder, which, early in the following month, he traced to its intersection with a gold or silver-bearing lode or vein of quartz or other rock upon unoccupied land.   From that time until about the first of April, he continued his work at intervals for the purpose of determining the course or strike of the lead or lode discovered by him, and, in so doing, sunk or dug three pits or shafts, varying in depth from eight to fifteen feet, along the course or strike of the lode or vein.   On or about the tenth of March, and soon after making the discovery, he

posted some kind of a notice at the first shaft or pit dug by him, and put up some preliminary stakes, but as to the contents of the notice or the location of the stakes the record is silent. On the second of April, while the defendant was in Baker City for the purpose, as he claims, of securing the services of a mineral surveyor to survey and mark the boundaries of his claim, the plaintiffs, supposing the ground to be unoccupied public land, and without any knowledge of defendant's work on the claim or rights therein, in good faith located the Collateral mining claim, by posting a notice at the shaft of the abandoned Robert Emmett mine, and marking the boundaries of their claim on the ground in the manner required by law. A few days later the defendants, having secured the services of a surveyor, duly marked out and located a claim one thousand five hundred feet in length and three hundred and sixty-seven feet wide, along the lode or vein previously discovered by them, the surface of which includes about eight acres of the Collateral claim, which disputed area embraces within its boundaries the said shafts or pits dug by defendants. The defendants subsequently made an application in the proper land office for a patent, and an adverse claim being filed by plaintiffs, this suit was commenced by them as required by section 2326, Revised Statutes of the United States, to determine the question of the right to the possession of the surface ground in dispute, and a decree being entered in their favor in the court below, this appeal was taken by defendant.

AFFIRMED.

*Messrs, Olmstead & Courtney,* for Appellants.

*Messrs. Williams & Smith,* for Respondents.

Opinion by MR. JUSTICE BEAN.

The notice posted by the defendants and the stakes put up by them in March cut no particular figure in this case, because it is not claimed that these acts amounted to a valid location, but the contention for the defendants is that the first discoverer of a lode or vein of rock in place bearing precious metals has a reasonable time after the discovery in which to trace out and determine the direction or course of such vein or lode before locating his claim, and, in the mean time, is protected in his right to fifteen hundred feet of surface ground in length along the vein or lode, and three hundred feet on either side; while plaintiffs contend that as soon as a discovery is made, the claim must be located by marking its boundaries on the ground. In most of the mining states and territories the local rules of miners and the legislative regulations generally allow some specific time for exploration after a discovery is made before the location is required to be definitely marked on the ground, but the mining claims in question here are in no organized mining district, or governed by miners' rules, nor have we any legislation upon the subject, hence the question presented must be determined by the mining laws of the United States alone. The act of congress of May tenth, eighteen hundred and seventy-two, declares that all valuable mineral deposits in land belonging to the United States are open to exploration and purchase, and the land in which they are found to occupation and purchase, by citizens of the United States, and by those who have declared their intention to become such, under regulations prescribed by law and the local customs or rules of miners in the several mining districts, so far as such customs or rules may be applicable, and not inconsistent with the laws of the United States; that all mining claims located after the tenth day of May, eighteen hundred and seventy-two, may equal, but shall not exceed, fifteen hundred feet in length along the vein or lode, and

three hundred feet on either side, but no location shall be made until the discovery of the vein or lode within the boundaries of the claim located; that the locators of all mining claims shall have the exclusive right of possession and enjoyment of all surface included within the lines of their location; and that the miners of each mining district may make regulations not in conflict with the laws of the United States or the state or territory in which the district is situated, governing the location, manner of recording. amount of work necessary to hold possession of a mining claim, subject to certain requirements, among which is that "the location must be distinctly marked on the ground, so that its boundaries can be readily traced": Title XXXII, chapter VI, Revised Statutes of the United States. By this act the government of the United States has opened to exploration and purchase by its citizens, and those who have declared their intention to become such, the public mineral lands, and, as a reward to the successful explorer, grants to him the right to take and possess the mineral within certain prescribed limits, upon his compliance with the terms and conditions of the grant, and the local rules and regulations, which terms, for the purposes of this case, are discovery and location or appropriation.

It thus appears that discovery and appropriation are both conditions precedent to the right to occupy the public mineral lands as a mining claim. The right to possession or occupation depends upon a valid location, and a location is made in this state by marking the boundaries of the claim on the ground so they can be readily traced, as provided in the act of congress, and posting a notice on the lode or vein, as required by section 3828 of Hill's Code. A location thus made carries with it a grant to the person making the same, and confers upon him the right to the exclusive enjoyment and possession of the surface

ground within the boundary lines of his claim.  Neither the act of congress nor the legislative regulations of this state provide any specific time after discovery within which the location or appropriation shall be made, but it is clear that until the boundaries are distinctly marked on the ground, and notice posted on the vein or lode, the location is not complete, nor the law complied with.  A discoverer of a vein or lode who proceeds diligently, in good faith, to complete his location by marking its boundaries on the ground, and otherwise complying with the law, will no doubt be protected in his rights as against a subsequent locator of the same ground (*Newbill* v. *Thurston*, 65 Cal. 419, 4 Pac. Rep. 409); but no claim is made in this case that defendants did not have ample time and opportunity after their discovery, and before plaintiffs' location, in which to complete their location by marking the boundaries of the claim on the ground, and posting the notice required by the statute.  Their contention is that they were entitled to a reasonable time after the discovery in which to continue their explorations, and trace the course or strike of the vein or lode.  As there are no local rules or regulations governing this matter, and the act of congress is silent on the subject, the question, it seems to us, depends upon whether mere possession and exploration are sufficient to give to the discoverer a right to hold a mining claim against one who peaceably enters and makes a valid location.  Now, one of the imperative requirements of the statute, and an indispensable condition precedent to a valid location, is that it shall be "distinctly marked on the ground, so that its boundaries can be readily traced"; and, as we understand the law, there is no right after a discovery to a possession, as against the United States or its grantee, without such a location, and the surface ground being thereby segregated from

26 OR.—5.

the public domain, so that those who may be looking for unoccupied public ground may be able to ascertain what has been appropriated, in order to make their location upon the residue. The act of congress is, in effect, an offer by the government to grant to its citizens, and to those who have declared an intention of becoming such, a certain definite portion of the public mineral lands, on condition that a discovery of a mineral-bearing lode or vein is made thereon, and the surface of the ground claimed along such vein or lode is distinctly marked on the ground, so that its boundaries can be readily traced; and, until these conditions are complied with, no right is conferred as against a valid location, in the absence of a local rule or statute giving some time in which to make a location after discovery.

"Possession within a mining district, to be protected, or to give vitality to the title," says Chief Justice WADE, "must be in pursuance of the law and the local rules and regulations. Possession, in order to be available, must be properly supported. It must stand upon the law, and be the result of a compliance therewith. Representation of a claim in the manner provided by the law, and the local rules and regulations of the mining district, is the life of the possessory title to such claim. Possession, without a location, carries no title. * * * Possessory titles do not live upon possession alone. They must be supported by proof of a compliance with the law that gives the right to and sustains the possession. The mere naked possession of a mining claim upon the public lands is not sufficient to hold such claim as against a subsequent location made in pursuance of the law, and kept alive by a compliance therewith. Hence we say that upon an issue joined as to the forfeiture of the right to the possession of a mining claim, by reason of failure in complying with the rules and regulations of the district, * * * proof of the ac-

tual possession, or of the delivery of such possession, from the date of the location to the trial of the issue, if unaccompanied by testimony showing that such possession was taken and held under and by virtue of a compliance with the local rules and regulations of the district, is immaterial proof": *Hopkins* v. *Noyes,* 4 Mont. 556, 2 Pac. Rep. 280. In *Belk.* v. *Meagher,* 3 Mont. 80, it is said: "There is no grant from the government, under the act of congress, unless there is a location according to law and the local rules and regulations. Such location is a condition precedent to the grant. Mere possession, not based upon a valid location, would not prevent a valid location under the law." And the supreme court of the United States, in affirming this decision, says: "The right to the possession comes only from a valid location. Consequently, if there is no location, there can be no possession under it. Location does not necessarily follow from possession, but possession from location. A location is not made by taking possession alone, but by working on the ground, recording and doing whatever else is required for that purpose by the acts of congress and the local laws and regulations": *Belk* v. *Meagher,* 104 U. S. 284. To the same effect are *Noyes* v. *Black,* 4 Mont. 527, 2 Pac. Rep. 769; *Tibbitts* v. *Ah Tong,* 4 Mont. 536, 2 Pac. Rep. 759; *Russell* v. *Hoyt,* 4 Mont. 412, 2 Pac. Rep. 25, and other authorities cited in the opinions quoted from. In *Horswell* v. *Ruiz,* 67 Cal. 111, 7 Pac. Rep. 197, it was held that prior occupation and working of mineral lands of the United States, without complying with the requirements of the law, either federal or district, or local custom, does not give a right of possession as against one who afterwards peaceably locates a mining claim covering the same ground, and in all respects complies with the federal and district mining laws and regulations. From the time the second person has perfected his location, the prior occupant is a trespasser.

So also in *Funk* v. *Sterrett,* 59 Cal. 614, it is said: "The act of congress in question provides (section 2324 Revised Statutes,) that "the location must be distinctly marked on the ground, so that its boundaries can be readily traced." Since the passage of that act a party can show a right to the possession of a mining claim (when no patent has been issued) only by showing an actual *pedis possessio,* as against a mere wrongdoer, or by showing a compliance with the requisites of the act of congress." And in *Garthe* v. *Hart,* 73 Cal. 543, 15 Pac. Rep. 93, it is held that possession of a mining claim is good against mere intruders, but is not good as against one who has complied with the mining laws. See also *Gregory* v. *Pershbaker,* 73 Cal. 109, 14 Pac. Rep. 401.

From these decisions, which are from the two principal mining states in this country, it would seem that the discoverer of a lode or vein of rock in place bearing precious metals, in the absence of some local rule of miners or legislative regulation allowing some time for exploration, must immediately locate his claim by distinctly marking the same on the ground, so that its boundaries can be readily ascertained, in order to hold it against a subsequent valid location peaceably made; and the defendants, having failed to comply with the law in so locating their claim, are not entitled to the possession of the ground in dispute as against the plaintiffs, who made a valid location. Requiring the discoverer of a mine to proceed diligently to complete his location, without waiting to trace the course or strike of the vein or lode, may in some instances work an apparent hardship; but until the matter is provided for by some local rule or regulation, it is better, whatever the effect may be in particular cases, that the rule should be settled, and thus prevent as far as possible the uncertainty in titles to mining claims, and the strife and litigation among miners, which would necessarily fol-

low if the discoverer is allowed an indefinite time in which to develop his lode or vein, which, in many instances, would require much time and labor and a large expenditure of money. If, during such development or exploration, he is allowed to hold a floating grant to surface ground six hundred by fifteen hundred feet in size, with the right to definitely locate the same as he may subsequently determine, it would create great uncertainty in mining titles, increase litigation, and often defeat the purpose and object of the law throwing open the mining lands of the country to occupation and purchase.

Nor do we find anything in the authorities cited by the defendants in conflict with the rule which we have suggested. The decisions in the cases of *Iron Silver Mining Company* v. *Elgin Mining Company*, 118 U. S. 196, 6 Sup. Ct. 1177, and *Erhardt* v. *Boaro*, 113 U. S. 527, 5 Sup. Ct. 560, were both made under the law of Colorado, which allows the discoverer a specified time for exploration before marking the boundaries of his claim. In *Gleeson* v. *Martin White Mining Company*, 13 Nev. 444, there is a dictum to the effect that the act of congress may be susceptible of a construction which will allow the discoverer of a vein a reasonable time to trace its course before being compelled to define his surface claim, and in the mean time be protected in his right to fifteen hundred feet of the vein, but no such question was presented by the record, and further on in the opinion it is distinctly stated that the court does not decide how soon after the discovery of a vein the location must be distinctly marked on the ground, so that its boundaries can be readily traced, as required by the act of congress. The holding in *Field* v. *Grey*, 1 Arizona, 404, 25 Pac. Rep. 793, is that the party in possession of a mining claim may hold the surface while he is seeking for a vein or lode believed to exist therein, as against all parties not having

a better right thereto, which is simply an application of the general doctrine that one in possession of real property may hold the possession as against all persons except some one who can show a better right thereto. The other cases referred to are all from Colorado, in which state, as we have already said, there is a statutory provision allowing a specific length of time after the discovery in which to make exploration before being compelled to locate the claim by marking its surface boundaries, and hence have no application to the question presented by this record. So much, therefore, of the decree of the court below as ordered and decreed that plaintiffs are entitled to the possession of the disputed area is affirmed, but we do not think the evidence justifies the decree against the defendants for money, and in that respect the decree appealed from will be modified; neither party to recover costs in this court.

MODIFIED.