Decided 20 June, 1904.

## WRIGHT v. LYONS.

[77 Pac. 81.]

MINES—SUFFICIENT MARKING OF BOUNDARIES.

1. In marking a mining location under Sections 3975 and 3976, B. & C. Comp., a failure to place monuments at the center ends of the ground claimed is a fatal omission, as is a neglect to attach to the recorded copy of the location notice an affidavit that the required improvement work has been done.

MARKING LOCATIONS—CONFLICT OF STATE AND FEDERAL LAWS.

2. Sections 3975 and 3976, B. & C. Comp., requiring locators of a lode claim to establish the center end posts or monuments of the claim in a particular manner, and to attach to the copy of notice of location filed with the clerk of the county wherein the claim is situated an affidavit of proof of the work required to be done by section 3977, as conditions precedent to the establishment of a valid claim, are not in conflict with Section 2324, Rev. Stat. U. S., requiring that the location of a claim shall be distinctly marked on the ground, since the latter section does not specify how the marking shall be done, while the former supplies the omitted information.

From Malheur: MORTON D. CLIFFORD, Judge.

Action of ejectment by George Wright and others against C. B. Lyons and others to recover possession of a mining claim. According to the complaint filed in this cause, George Wright and R. M. Turner, being citizens of the United States, and above the age of twenty-one years, on September 3, 1901, entered and discovered upon the public domain a quartz ledge or lode of mineral-bearing rock in place, and located a claim thereon, being 1,450 feet along the lode by 300 feet on each side, by conspicuously posting a notice of such location at the point of discovery, and causing the same to be staked and marked upon the ground as follows:

"One stake at point of discovery with said notice of location posted thereon. One stake on the northwest corner, one stake on the northeast corner, one stake on the southeast corner, and one stake on the southwest corner of said quartz claim, each and all of said stakes being four inches in diameter, four feet high above the ground, blazed inside with the words 'Geo. Wright. Blue Bucket,' written on the blazed portion of each of said stakes, and each and all of said stakes intended to designate the point of dis-

covery and each of the four corners, respectively, of the said 'Blue Bucket' quartz claim; each and all of the said stakes being in conspicuous places and in plain view of the traveling public, and designated the corners of said claim so that the boundaries thereof could be readily traced."

Thereafter they caused to be sunk upon and along the lode an open cut, six feet deep, four feet wide, and ten feet in length from the point of discovery, and on September 30th caused a notice, without having attached thereto an affidavit in proof of the work required to be done by Section 3977, B. & C. Comp., to be duly recorded in the office of the county clerk for Malheur County, in Book B of Record of Quartz Locations, at page 134; the claim being designated as the "Blue Bucket Quartz Claim." Plaintiffs have succeeded to the interest and title of Wright and Turner, and, having been ousted, as they allege, by defendants, demand judgment for a recovery of possession. A demurrer was interposed to the complaint and sustained, and, judgment having been rendered dismissing the action, plaintiffs appeal. The case was submitted on briefs under the proviso of Rule 16: 35 Or. 587, 600.        AFFIRMED.

For appellants there was a brief over the names of *William Miller* and *Will R. King*.

For respondents there was a brief over the name of *John L. Rand*.

MR. JUSTICE WOLVERTON, after stating the facts in the preceding words, delivered the opinion of the court.

Plaintiffs have by their complaint herein set out in detail the manner of locating the claim in dispute, with a view of determining the entire controversy upon the demurrer. Passing the contention made that the record does not contain a sufficient description with reference to some

natural object or permanent monument to identify it definitely and distinctly, as required by Rev. Stat. U. S. § 2324 (U. S. Comp. St. 1901, p. 1426), we will inquire touching the validity of the location and recording of the claim under the provisions of our own statute, and whether such statute is inimical to the laws and regulations of the United States relative to the same subject.

1. Section 3975, B. & C. Comp., provides that a quartz claim shall be located by posting on the vein or lode discovered a notice of such discovery and location, indicating, among other requirements, the general course or strike of the vein or lode, as nearly as may be, with reference to some natural object or permanent monument in the vicinity, and by defining the boundaries upon the surface so that the same may be readily traced. It further provides that such boundaries shall, within thirty days after the posting of notice, be marked by six substantial posts, projecting not less than three feet above the surface of the ground, and not less than four inches square or in diameter, or by substantial mounds of stone, or earth and stone, at least two feet in height; that is to say, one of such posts or mounds of rock shall be established at each corner and one at each center end of the claim. Section 3976 provides that such locator shall, within sixty days from and after posting the location notice, file for record with the recorder of conveyances, if there be one, who shall be the custodian of mining records and miners' liens, otherwise with the clerk of the county wherein said claim is situated, a copy of such notice, having attached thereto an affidavit showing that the work required to be done by section 3977 has been performed, and that no location notice shall be entitled to record until the work so required shall have been done, and the affidavit in proof thereof attached. Section 3977 provides that before the expiration of sixty days from the date of the posting of the notice of discov-

ery, and before recording the notice of location as required by the preceding section, the locator must sink a discovery shaft upon the claim located, to a depth of at least ten feet from the lowest part of the rim of such shaft at the surface, or deeper if necessary, to show by such work a lode or vein of mineral deposit in place, and that a cut or crosscut or tunnel which cuts the lode at a depth of ten feet, or an open cut at least six feet deep, four feet wide, and ten feet in length along the lode from the point where the same may be in any manner discovered, shall be equivalent to such discovery shaft, and, further, that the locator, or some one for him, who did work upon, and has knowledge of the facts relating to the sinking of, the discovery shaft, shall make and attach to the copy of the notice of location to be recorded an affidavit showing compliance by the locator with the provisions of this section, which affidavit shall be recorded with such copy of the location notice. These sections of the statute are made very specific, and it was intended, no doubt, that the locator, in order to acquire a right or initiate a title to a mining claim, should comply with them, at least in substance.

It is plain in the present instance that Wright and Turner did not mark the boundaries of the claim in the manner prescribed, in that they omitted to establish the center end posts or monuments, and, further, that they did not cause to be attached to the copy of notice of location delivered to the clerk for record an affidavit in proof of the work required to be done under section 3977, and none such was recorded. These omissions we deem fatal to the valid initiation of their title. All these requirements pertain to the location of the claim, and, unless observed in their substance, there can be no location. No right or title in the public domain can be acquired without such observance. " The right to the possession," says Mr. Chief Justice WAITE in *Belk* v. *Meagher*, 104 U. S.

279,284, " comes only from a valid location. Consequently, if there is no location, there can be no possession under it. Location does not necessarily follow from possession, but possession from location. A location is not made by taking possession alone, but by working on the ground, recording and doing whatever else is required for that purpose by the acts of Congress and the local laws and regulations." Citing this case with many others, Mr. Lindley, in his valuable work on Mines (volume 1, 2d ed. § 329), states the principle concisely as follows: "A substantial compliance with the requirements of the laws, federal and state, as well as local rules, where they exist and are not repugnant to state or federal legislation, is a condition precedent to the completion of a valid location." To the same purpose, see *Patterson* v. *Tarbell*, 26 Or. 29 (37 Pac. 76); *Horswell* v. *Ruiz*, 67 Cal. 111 (7 Pac. 197); *Noyes* v. *Black*, 4 Mont. 527 (2 Pac. 769); *Book* v. *Justice Min. Co.* (C. C.) 58 Fed. 106. As the locators have not complied in substance with the statutory prerequisites, they did not acquire a valid right of possession or initiatory title to the mine, such as will afford their successors in interest or the plaintiffs herein a basis for an action in ejectment.

2. It is insisted, however, that these provisions of the state law are repugnant to the statute of the United States relative to the location of lode claims, and therefore that the locators are not bound to observe them, and may acquire and have acquired a valid location by an observance of the United States regulations only. All public lands in which mineral deposits are found are declared by the federal statute to be open for occupation and purchase under regulations prescribed by law, and according to the local customs and rules of miners in the several mining districts, so far as the same are applicable and are not inconsistent with the laws of the United States. Locators, so long as they comply with the laws of the United

States, and with the state, territorial, and local regulations not in conflict with the laws of the United States governing their possessory title, are given the exclusive right of possession and enjoyment; and miners of each mining district are authorized to make regulations not in conflict with the federal statutes or with the laws of the state or territory in which the district is situated, governing the location, manner of recording, and amount of work necessary to hold possession of a mining claim, subject to the following requirements:: The location must be distinctly marked on the ground, so that its boundaries may be readily traced; all records of such a claim must contain the name or names of the locators, the date of the location, and such a description of the claim, by reference to some natural object or permanent monument, as will identify it; and, after location, certain annual work is to be performed until patent issues: Rev. Stat. U. S. §§ 2319, 2322, 2324 (U. S. Comp. St. 1901, pp. 1424–1426). The very terms of these requirements permit state and local laws and rules regulating the location of mining claims, the only limitation prescribed being that they shall not conflict with the paramount law providing for disposal of the public mineral domain to purchasers.

One of the fundamental requisites is that the claim shall be distinctly marked on the ground, but how, the statute does not attempt to define, the manner of the marking being left to the regulations of the state or the mining district in which the mine is located; and all reasonable regulations looking to that end are certainly within the compass of the federal law. So with reference to the recording of the claim. The record must at least substantially accord with the United States statutory requirements, but there is here left scope for state and district regulations, and a reasonable amount of development work may be required, so as to expose the lode, render

certain the discovery, and indicate the good faith of the locator; and, as evidence of such compliance, proof may be required that the work has been done. Such regulations are not deemed to be repugnant to the federal statute, and are therefore valid and binding upon the locator, if he would secure a good location: 1 Lindley, Mines (2 ed.) §§. 249, 250; *Erhart* v. *Boaro*, 113 U. S. 527 (5 Sup. Ct. 560); *Kendall* v. *San Juan Min. Co.* 144 U. S. 658 (12 Sup. Ct. 779); *Northmore* v. *Simmons*, 97 Fed. 386 (38 C. C. A. 211); *O'Donnell* v. *Glenn*, 8 Mont. 248 (19 Pac. 302); *O'Donnell* v. *Glenn*, 9 Mont. 452 (23 Pac. 1018, 8 L. R. A. 629); *Metcalf* v. *Prescott*, 10 Mont. 283 (25 Pac. 1037); *McCowan* v. *Maclay*, 16 Mont. 234 (40 Pac. 602); *Sissons* v. *Sommers*, 24 Nev. 579 (55 Pac. 829, 77 Am. St. Rep. 815); *Beals* v. *Cone*, 27 Colo. 473 (62 Pac. 948, 83 Am. St. Rep. 92). We are clearly of the opinion that the requirements of our statute complained of by plaintiffs are reasonable and within the scope and purpose of the United States statute. Such regulations are therefore valid, and, the plaintiffs' predecessors not having complied with them in the particulars, hereinbefore designated, the demurrer to the complaint was properly sustained.

It follows that the judgment of the trial court must be affirmed, and it is so ordered.                    AFFIRMED.

---

Decided 20 June, 1904.