PARKER et ux, *Respondents,*
*v.*
JONES, *Appellant.*
(No. E-5818, SC 24816)

572 P2d 1034

John L. Jacobson, P.C., Baker, argued the cause and filed the brief for appellant.

Harold Banta, of Banta, Silven & Young, Baker, argued the cause and filed a brief for respondents.

Before Denecke, Chief Justice, and Holman, Howell, Bryson and Lent, Justices.

HOWELL, J.

## HOWELL, J.

Plaintiffs filed this suit to quiet title to three quartz mining claims, Summit #1, Summit #2, and Summit #3, located in Baker County.[1] The defendant claims ownership as a prior locator and contends the plaintiff "jumped" his claims. Plaintiff contends the defendant's claims are void for failure to post proper location notices on the claims, failure to mark the boundaries of the claims, and failure to perform the annual assessment work. The trial court found for the plaintiff on the grounds defendant failed to mark the boundaries of the claims. Defendant appeals. Since we agree with the trial court on the second issue, it is unnecessary to consider the other alleged deficiencies.

An overview of the Oregon statutes relating to filings on quartz claims is necessary.

ORS 517.010 requires one locating a vein or lode to post a notice on the claim. The notice must contain the name of the claim; the name of the locator; the date of location; the number of linear feet claimed along the vein or lode each way from the point of discovery, with the width on each side; and the general course of the vein or lode. Also, within 30 days after posting the notice the locator must mark the boundaries "by six substantial posts, projecting not less than three feet above the surface of the ground, and not less than four inches square or in diameter, or by substantial mounds of stone, or earth and stone, at least two feet in height, to wit: one such post or mound of rock at each corner and at the center ends of such claims." ORS 517.010 (2).

Thereafter, the locator shall file a copy of the posted notice with the county clerk. ORS 517.030.

ORS 517.065 provides that all locations filed after December 31, 1898, that do not comply with ORS 517.010 or 517.030 "are void."

---

[1] Apparently plaintiffs are husband and wife. Only "Smoky" Parker testified, and we shall refer to him as the plaintiff.

■■ While federal statutes require that the locations must be distinctly marked so that boundaries can be readily traced, state statutes "may particularize" further the character of the marking. Also, the requirement of distinctly marking the boundaries "is an imperative and indisputable condition precedent to a valid location * * *." 2 Lindley on Mines 871, 872, § 371 (3d ed 1941).[2]

■ In the instant case, the defendant staked the three claims in 1973.[3] As partial boundary markers for one claim, he used three posts that had been previously placed by a former owner who abandoned the claim. The defendant, who appeared without counsel at the trial, testified that he did not place any boundary stakes on any of the claims and that he considered red strips placed on trees to be sufficient. When the trial court and the parties viewed the claims, the defendant had difficulty pointing out the trees which he claimed marked the boundaries, and he could not find any of the flagged or blazed trees. In fact, defendant admitted that he became "lost" while trying to find the boundaries.

The defendant made no attempt to comply with ORS 517.010 regarding marking the boundaries of his attempted locations and, under the statute, his locations are void. The obvious purpose of marking the boundaries is to give notice to others that that area has been appropriated. Plastic strips on trees not only fail to comply with the statutes but also are not permanent and, more importantly, they fail to point out the boundaries to anyone, as was demonstrated to the trial court when the parties viewed the claims. We agree

---

[2] In *Wright v. Lyons,* 45 Or 167, 77 P 81 (1904), the locator failed to mark the boundaries as required by the statute by omitting the two middle stakes and also failed to file an affidavit in proof of work. We held that such omissions were fatal and the claim invalid.

[3] Plaintiff filed his locations in 1975. Plaintiff testified he found some notices posted at the entrances to one or more tunnels but that the notices did not indicate the name of the locator or the date. Plaintiff found no boundary stakes except the three placed by the prior owners of the claims.

[ 6 ]

with the trial court that defendant's attempted location of the three claims must fail.

■ Lastly, defendant contends the trial court erred in hearing some testimony in his absence. The defendant is a school teacher in Idaho and wanted the trial court to conduct some of the proceedings on a week-end. The trial court made every effort to accommodate the defendant, but in one instance, after the defendant had received notice at least five days in advance and had failed to appear, the trial court received some testimony from plaintiff and a geologist. Defendant is in no position to complain, because he had some obligation to adjust his schedule to comply with the trial docket of the court.

Affirmed.